## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

-------------------------------------------------------

ROBERT KUMNICK AND KAREN KUMNICK

           Plaintiffs,

     v.                             Civil Action No.

FINANCIAL COLLECTION AGENCY OF TN, INC.

           Defendant.

-------------------------------------------------------

### NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, (where Plaintiffs reside in this district), and/or where Defendant transacts business in this district.

### PARTIES

4.    Plaintiffs, Robert Kumnick and Karen Kumnick ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Tennessee, County of Shelby, and City of Millington.

5.      Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Financial Collection Agency of TN, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     In January 2010, Plaintiff Robert Kumnick signed a "No Commitment" monthly gym membership contract with ATC Fitness.  Under the terms of this agreement, Plaintiff acknowledged that ABC Financial was ATC

Fitness' billing servicer.

12.     Plaintiff Karen Kumnick did not sign an agreement with either ATC Fitness or ABC Financial.

13.     In June 2010, Plaintiff Robert Kumnick informed ATC Fitness he wished to cancel the gym memberships effective immediately.

14.     ATC Fitness refused to process the cancellation, and instead told Plaintiff Robert Kumnick that he would need to contact ABC Financial to process his membership cancellation.

15.     Over the next two months, Plaintiffs received several telephone calls from ABC Financial in which ABC Financial attempted to "continue services." However, Plaintiffs requested cancellation in each such instance.

16.     Further, Plaintiffs sent two certified letters dated August 11, 2010 again requesting that the memberships be cancelled immediately, and demanding that ABC cease and desist from contacting Plaintiffs via telephone.

17.     Thereafter, Defendant sent written communication to each Plaintiff dated November 18, 2010 stating the alleged balance owed by Plaintiff Robert Kumnick was in the amount of $114.06 (one hundred fourteen dollars and six cents) and the alleged balance owed by Plaintiff Karen Kumnick was in the amount of $157.74 (one hundred fifty-seven dollars and seventy-four cents), respectively.

18.     On or about November 22, 2010, Defendant's agent and/or employee "Mr. Jones," called Plaintiff Robert Kumnick's cellular telephone, and

at such time left a voicemail message in which he failed to disclose Defendant's true corporate and/or business name.

19.     In the November 22, 2010 voicemail message, Defendant's agent and/or employee "Mr. Jones" further failed to inform Plaintiff that the communication was from a debt collector.

20.     In the November 22, 2010 voicemail message, Defendant's agent and/or employee "Mr. Jones" stated he was calling on an "urgent matter."

21.     In response to the voicemail, Plaintiff Robert Kumnick called Defendant's agent and/or employee "Mr. Jones."  At such time, "Mr. Jones" stated Plaintiffs owed Defendant "just under $300.00."

22.     At that time Plaintiff Robert Kumnick orally disputed the alleged debt, and requested written validation of the alleged debts.

23.     Defendant then sent Plaintiff Robert Kumnick written communication dated November 30, 2010, which stated in relevant part:

> We have advised our client that we have
> spoken to you regarding your honest debt to
> them and that you have refused to pay.
> We have also recommended that they approve
> further efforts against you and have requested
> their approval to proceed against this account.
> Please contact us if you wish to settle
> this account on a voluntary basis.
> We are a credit reporting agency.

24.     Upon receipt of said letter on December 5, 2010, Plaintiff Robert Kumnick called Defendant's agent and/or employee "Mr. Smith" to ask why the letter stated he had refused to pay.  "Mr. Smith" told Plaintiff that the letter was

-4-

"just a form letter."

25.     On or about May 5, 2011, Defendant's agent and/or employee "Brad Hurt," called Plaintiff Karen Kumnick's cellular telephone, and at such time left a voicemail in which he failed to disclose Defendant's true corporate and/or business name.

26.     In the May 5, 2011 voicemail message, Defendant's agent and/or employee "Brad Hurt" further failed to notify Plaintiff that the communication was from a debt collector.

27.     In the May 5, 2011 voicemail message, Defendant's agent and/or employee "Brad Hurt" stated he was calling on an "urgent matter."

28.     In response to the voicemail, Plaintiff Karen Kumnick called Defendant's agent and/or employee "Brad Hurt."   At such time, "Brad Hurt" threatened to "ruin" her credit unless she paid the alleged debt, and used profanity directed at Plaintiff Karen Kumnick.

29.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiffs suffered and continues to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I
## ROBERT KUMNICK v. FINANCIAL COLLECTION AGENCY OF TN, INC.

30.     Plaintiff repeats and re-alleges each and every allegation contained above.

31.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## KAREN KUMNICK v. FINANCIAL COLLECTION AGENCY OF TN, INC.

32.     Plaintiff repeats and re-alleges each and every allegation contained above.

33.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    g) Adjudging that Defendant violated the FDCPA;

    h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l)   Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

34.          Plaintiffs are entitled to and hereby demands a trial by jury.

Dated: August 18, 2011

Respectfully submitted,

Robert Kumnick and Karen Kumnick

By: /s/Craig Ehrlich
Craig Ehrlich
Attorney for Plaintiffs
Weisberg & Meyers, LLC
1448 Madison Avenue
Memphis, TN 38104
Telephone: (602) 445 9819
Facsimile: (866) 565 1327
Email: CEhrlich@AttorneysForConsumers.com

*Please send correspondence to the address below*

Craig Ehrlich
Weisberg & Meyers, LLC
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012